**FILED**
July 10, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:25-CV-00772-MA |
| | § | |
| KELLY G. BURKEY, AND UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF VETERANS AFFAIRS, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

The Court now considers Plaintiff Amerihome Mortgage Company, LLC's ("Plaintiff") Motion for Default Judgment.[1] Having considered the motion, record, and relevant legal authorities, the Court **GRANTS** the instant motion and grants **JUDGMENT** in favor of Plaintiff and against Defendant Kelly G. Burkey.

## I. BACKGROUND

This case was commenced on July 7, 2025 against Defendants Kelly G. Burkey and United States of America.[2] The following relevant background was obtained from Plaintiff's complaint:

> On June 3, 2021, Kelly G. Burkey ("Borrower") made, executed and delivered to AmCap Mortgage, Ltd, a certain Promissory Note ("Note"), in writing, whereby Borrower promised to pay the amount of $201,197.00 plus interest. . . . Thereafter, AmCap Mortgage, Ltd indorsed the Note and the same was assigned to AmeriHome.

---

[1] Dkt. No. 24.
[2] Dkt. No. 1.

On June 3, 2021, Kelly G. Burkey ("Borrower") executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

LOT 76, BLOCK 4, SUNRISE SUBDIVISION, (UNIT 11), BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9510, PAGES 58-61, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

Said real property has a reported mailing address of 5862 Summer Fest Drive, San Antonio, TX 78244 ("Property"). By executing the Security Instrument, Borrower granted a lien on and recourse to the Property for a breach thereunder.

AmeriHome is the record assignee of the Security Instrument under a Corporate Assignment of Deed of Trust ("Assignment").

The obligation evidenced by the Note and Security Instrument and Loan Modification is also hereinafter referred to as the "Loan."

The Loan was modified by virtue of a Loan Modification Agreement dated June 9, 2022, and filed and recorded on May 23, 2023[.]

Borrower, to AmeriHome's detriment, has failed and refused to pay amounts that have come due under the Loan, although demand for payment has been made. AmeriHome provided to Borrowers proper notice of the default described herein and its intent to accelerate the indebtedness ("Notice of Default")[.] [] Each occurrence of non-performance by Borrowers under the Loan as herein described is a breach thereunder.

. . .

AmeriHome's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $149,852.50 as of September 1, 2022.

. . .

Defendant [United States of America] is named herein as a defendant because it claims an interest in the Property under the terms of [a] certain Partial Claim Deed of Trust filed and recorded on November 7, 2022, as Instrument Number 20220263505, in the Official Public Records of Bexar County, Texas[.][3]

[3] Dkt. No. 1, at ¶¶ 7–16.

## II. PROCEDURAL HISTORY

Summons were issued as to Kelly G. Burkey and United States of America on July 9, 2025.[4] Returns of service for the executed summons were filed for Kelly G. Burkey[5] and United States of America.[6] Thus, service was executed on all parties named in Plaintiff's complaint.

The United States of America filed an Answer to Plaintiff's complaint on October 23, 2025.[7] A Consent Order was signed by the Court as to the United States of America on May 4, 2026.[8] In that Order, the United States of America stated that it:

> does not oppose the Court entering judgment in favor of Plaintiff and ordering the Subject Property sold at a public sale. Plaintiff and the United States agree that this Consent Order does not affect the United States' ability to pursue collection on the Federal Security Deed as provided by law and it shall remain enforceable against any excess funds arising from any foreclosure sale of the Subject Property pursuant to the Complaint after Plaintiff has been paid all amounts due and owing to it on the underlying loan(s) to Kelly G. Burkey. The United States retains its statutory right of redemption under 28 U.S.C. § 2410.[9]

No answer has been filed as of the date of this order by Defendant Kelly G. Burkey. Plaintiff filed its request for Clerk's entry of default for Kelly G. Burkey on October 21, 2025,[10] and the Clerk's entry of default as to Kelly G. Burkey was subsequently entered.[11]

---

[4] Dkt. No. 5–6.
[5] Dkt. No. 10.
[6] Dkt. No. 11.
[7] Dkt. No. 15.
[8] Dkt. No. 23.
[9] Dkt. No. 23, at 2.
[10] Dkt. No. 13.
[11] Dkt. No. 14.

## III. Discussion

### a. Legal Standard

Obtaining a default judgment is a three-step process: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment."[12] Once entry of default is made, "plaintiff may apply for a judgment based on such default. This is a *default judgment*."[13] Kelly G. Burkey has defaulted by failing to answer or otherwise appear in this case and the clerk has already entered default against him.[14] The only remaining question is whether the third step, entry of default judgment, is appropriate.

Federal Rule of Civil Procedure 55(b) authorizes entry of default judgment with court approval, which is not lightly granted. Default judgments are a disfavored and drastic remedy, resorted to only in exceptional circumstances such as an unresponsive party.[15] The Court will not grant default judgment automatically or as a matter of right, even if a defendant is in default.[16] Whether to grant default judgment is left to the sound discretion of the district court.[17] Adjudicating the propriety of default judgment is itself a three-step process.

First, the Court must determine whether the plaintiff's claims are well-pled and substantively meritorious.[18] After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied are valid and merit judgment against the defendant.[19] When analyzing the merits of claims, the Court may assume the truth of all well-pled allegations in the plaintiff's complaint because all defaulting defendants functionally admit well-pled allegations of

---

[12] *Bieler v. HP Debt Exch., LLC*, No. 3:13-CV-01609, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996)).
[13] *N.Y. Life Ins. Co.*, 84 F.3d at 141.
[14] Dkt. No. 14.
[15] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[16] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).
[17] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
[18] *See Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015).
[19] *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

fact.[20] But the Court will not hold the defendants to admit facts that are not well-pled or to admit conclusions of law.[21]

Second, if the plaintiff states a well-pled claim for relief, the Court examines six factors to determine whether to grant default judgment:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.[22]

Third, if the plaintiff's claims are meritorious and default judgment appears appropriate, the Court must determine whether the requested relief is proper. Specifically, default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[23] The Court will determine how to calculate damages. The general rule is "unliquidated damages normally are not awarded without an evidentiary hearing" but the exception is when "the amount claimed is a liquidated sum or one capable of mathematical calculation."[24] When this exception applies, there is no need for an evidentiary hearing and the Court can enter default judgment on the papers.

---

[20] *Id.*; *see Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.").

[21] *Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

[22] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[23] FED. R. CIV. P. 54(c); *see also Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018) (holding that rendering relief in a default judgment differs from other kinds of judgment).

[24] *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**b. Analysis**

*1. Judicial Foreclosure and Breach of Contract*

Plaintiff first asserts a cause of action for judicial foreclosure against Kelly G. Burkey. The Court may order judicial foreclosure upon proof "establishing the debt and fixing the lien."[25] To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution; (3) defendants are in default under the note and security instrument; and (4) defendants received notice of default and acceleration.[26]

By default, Kelly G. Burkey has admitted to the fulfillment of the previously listed requirements. Even so, Plaintiff has provided the Court with copies of the Promissory Note,[27] the Deed of Trust,[28] the recorded Assignment of Deed of Trust to Plaintiff,[29] and the Loan Modification Agreement.[30] Plaintiff has also provided the Declaration of Shirley Ortiz ("Ortiz"), who is "employed as a[] Vice President by ServiceMan, LLC, as Attorney-in-Fact for Amerihome Mortgage Company, LLC[.]"[31] Ortiz attests that Defendant Kelly G. Burkey has been in default under the loan since September 1, 2022 , and remains in default as of June 9, 2026.[32] She further attests that the total amount due and owing under the Note, as secured by the Deed of Trust, was $197,380.12 as of June 10, 2026, and continues to accrue interest at a rate of 4.25% per annum.[33]

---

[25] *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (quoting *Bonilla v. Roberson*, 918 S.W.2d 17, 21) (Tex. App.—Corpus Christi 1996, no writ); see also TEX. R. CIV. P. 309.
[26] TEX. PROP. CODE ANN. § 51.002; *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x. 306 (5th Cir. 2014).
[27] Dkt. Nos. 1-1, at 2–7; 24-1, at 7–12.
[28] Dkt. Nos. 1-1 at 40–47; 24-1, at 14–23.
[29] Dkt. No. 1-1, at 20–21.
[30] Dkt. No. 1-1, at 23–31.
[31] Dkt. No. 24-1, at 2 (Ortiz Decl. ¶ 2).
[32] Dkt. No. 24-1, at 4 (Ortiz Decl. ¶¶ 9–11).
[33] Dkt. No. 24-1, at 4 (Ortiz Dec. ¶¶ 12).

Judicial foreclosure is a remedy rather than a cause of action.[34] Thus, Plaintiff is only entitled to the remedy of judicial foreclosure after the Court determines that it has established breach of contract.[35] "In Texas, [t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[36] "A breach occurs when a party fails to perform a duty required by the contract."[37]

Plaintiff has demonstrated through summary-judgment-type evidence that debt exists by providing the note and deed of trust, which form the contract in this matter. Those documents show that Kelly G. Burkey promised to repay the lender the principal sum of $201,197.00 with interest.[38] Further, Plaintiff asserts that it is the holder of the Note and beneficiary of the Security Interest, and that repayment of the note is secured by a lien on the real property.

Plaintiff also attached notices of delinquency sent to Kelly G. Burkey.[39] Those notices inform Kelly G. Burkey that he is to submit the amounts contained therein and that "[f]ailure to cure the default on or before the date specified . . . will result in acceleration of the unpaid principal balance. . . . Your loan may be referred for foreclosure, which could lead to the sale of the mortgaged property."[40]

Finally, the Deed of Trust provides for satisfaction of the unpaid debt by "requir[ing] immediate payment in full of all sums secured by this Security Instrument without further demand

---

[34] *Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 F. App'x 430, 434 (5th Cir. 2016) (quoting *Douglas v. NCNB Tex. Nat'l Bank,* 979 F.2d 1128, 1130 (5th Cir.1993) ("[L]enders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default[.]")).

[35] *Vargas v. Cmty. Loan Servicing, LLC*, No. 7:23-CV-00065, 2024 WL 5274507, at *5 (S.D. Tex. Aug. 29, 2024) (holding that a lender was entitled to judicial foreclosure after the lender established the borrower's breach of contract).

[36] *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks omitted).

[37] *Id.*

[38] Dkt. No. 24-1, at 7.

[39] Dkt. Nos. 1-1, at 34–38; 24-1, at 28–33.

[40] Dkt. Nos. 1-1, at 34, 37; 24-1, at 29, 32.

and [] invok[ing] the power of sale and any other remedies permitted by Applicable Law."[41] Thus, the summary-judgment-type evidence shows, and Kelly G. Burkey does not contest, that Kelly G. Burkey is in default and has therefore breached his contract with Plaintiff. Thus, the undisputed evidence demonstrates that Plaintiff has met the requirements to foreclose under a security instrument in Texas with the power of sale. Plaintiff is therefore entitled to foreclose on the real property located at 5862 Summer Fest Drive, San Antonio, TX 78244, and the Court finds that judicial foreclosure and an order of sale are warranted.

*2. Declaratory Judgment*

Pursuant to the terms of Plaintiff and the United States of America's May 4, 2026 Consent Order,[42] Plaintiff also seeks entry of a declaratory judgment "adjudg[ing] that the United States of America has a valid lien on the real property at issue herein and order[ing] the disbursement to the United States of America of the proceeds of herein sought foreclosure sale remaining after satisfaction of Plaintiff's liens."[43] The Declaratory Judgment Act "authorizes the federal courts to 'declare the rights and other legal relations of any interested party seeking such declaration.'"[44] "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."[45]

Because the United States of America has reached an agreement with Plaintiff and has not opposed the instant motion, the Court finds its interest in the property inferior and junior to the interest of Plaintiff.

---

[41] Dkt. Nos. 1-1, at 42; 24-1, at 21.
[42] Dkt. No. 23.
[43] Dkt. No. 24, at ¶ 2.
[44] *Val–Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 428 Fed. App'x 364 (5th Cir.2011) (quoting 28 U.S.C. § 2201(a))
[45] *Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (internal citations omitted).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment. A final judgment in favor of Plaintiff and against Kelly G. Burkey will issue separately.

IT IS SO ORDERED.

DONE this 9th day of July, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE